UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL WAKIL AMIRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06mc460 (ESH) |
| | ) | |
| HILTON HOTELS CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff submitted five complaints on June 28, 2006, one complaint on July 3, 2006, and two complaints on July 11, 2006, each accompanied by an application to proceed *in forma pauperis*.[1] The Court denied each application to proceed *in forma pauperis*, and plaintiff challenges those rulings in his September 29, 2006 motion for clarification and his August 8, 2006 motion for reconsideration.

An individual's right of access to the courts "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981) (per curiam). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). "The determination of a court whether to allow one to proceed *in forma pauperis* must be made separately in every case."

---

[1]Plaintiff alleges that he submitted three complaints on July 11, 2006, but the Clerk of Court has located only two complaints received on that date. In addition, the Court's records show that, not including these eight complaints and the instant miscellaneous action, plaintiff has filed 21 civil actions in this district.

*In re Green*, 669 F.2d at 786.  Whether to permit or deny an application to proceed *in forma*

*pauperis* is within the sound discretion of the Court.  *See Prows v. Kastner*, 842 F.2d 138, 140

(5th Cir. 1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).  If the applicant shows that

he would be forced to give up the basic necessities of life if required to pay the costs of the

lawsuit, he qualifies for *in forma pauperis* status.  *See Adkins v. E.I. DuPont de Nemours & Co.*,

335 U.S. 331, 339 (1948).

"[C]ourts will generally look to whether the person is employed, the person's annual

salary, and any other property or assets the person may possess."  *Schneller v. Prospect Park*

*Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006), *appeal*

*dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006).[2]  Review of plaintiff's recent applications

to proceed *in forma pauperis* reflects that plaintiff currently is employed, has approximately $20

in a bank account, earns a monthly net income of approximately $1,006, and pays monthly rent

of $1,014.  He lists no other assets, income, or expenses; he states that he supports no

dependents; and he appears to have had a second job at some point based on allegations set forth

in one of his complaints.  It is unclear how plaintiff provides for his living expenses beyond his

rent based on the income he reports, but neither plaintiff's applications nor his motions address

these inconsistencies.

Unlike many *pro se* civil litigants in this district court, plaintiff is not incarcerated, is

employed, receives an income, and rents an apartment.  The Court therefore concludes that

---

[2]In dismissing the appeal, the Third Circuit concluded that the district court did not abuse
its discretion in denying an application for leave to proceed *in forma pauperis* where plaintiff's
income went towards paying his litigation expenses for cases in other courts, including the cases
in which he was denied *in forma pauperis* status.  *Schneller*, 2006 WL 1030284, at *1.

plaintiff does not qualify for a waiver of the filing fee for each of these eight civil actions. *See*

*Mauro v. N.J. Sup. Ct.*, No. 06-657, 2006 WL 776783, at *1 (D.N.J. Mar. 23, 2006) (denying IFP

application of employed plaintiff who failed to explain how he is able to pay bills if he is without

income or savings); *Trevillion v. Tarantino*, No. 05-02852, 2005 WL 2072098, at *3 (N.D. Cal.

Aug. 23, 2005) (denying IFP application noting the inconsistency between plaintiff's expenses

and her means to pay for those expenses where she reported no job, no income, and no assets);

*Goldstein v. Timoney*, No. 01-481, 2001 WL 179868, at *1 (E.D. Pa. Feb. 20, 2001) (denying IFP

application where plaintiff reported annual income of at least $6,061.56 and could afford a post

office box rental fee); *Williams v. SEPTA Trans Lines*, No. 99-359, 1999 WL 54525, at *1 (E.D.

Pa. Jan. 25, 1999) (denying IFP application of plaintiff who reported monthly income of $521

and who had filed several lawsuits in two months naming same defendants).

    Accordingly, the Court will deny plaintiff's motions, deny his applications to proceed *in*

*forma pauperis*, and will dismiss this miscellaneous action without prejudice.  An Order

consistent with this Memorandum Opinion will be issued separately on this same date.


                                      _____/s/_____
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

Date: November 20, 2006